UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————

UNITED STATES OF AMERICA,

                                        Plaintiff,

                    v.                                          13-CR-414 (SHS)

KWAME ANDERSON,                                      MEMORANDUM ORDER

                                        Defendant.
-------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

On May 14, 2014, defendant Kwame Anderson pled guilty to brandishing a firearm during and in relation to a narcotics conspiracy. (ECF No. 327.) Anderson had been part of a violent street gang, which operated and sold drugs in the area of West Burnside Avenue in the Bronx, New York. (ECF No. 733 at 1.) On May 1, 2015, the Court sentenced Anderson to a prison term of 84 months, followed by a term of five years' supervised release. (ECF No. 602.)

On appeal, Anderson challenged the denial of his motion to withdraw his plea and his term of supervised release. The Second Circuit affirmed this Court's denial of his motion to withdraw, but, based on the parties' consent, remanded with respect to the term of supervised release. *See United States v. Anderson*, 721 F. App'x 41, 45 (2d Cir. 2018). This Court subsequently resentenced Anderson to a prison term of 84 months and a supervised release term of two years, a determination that was affirmed by the Second Circuit on May 15, 2020. *United States v. Anderson*, No. 18-2229-CR, 2020 WL 2510371, at *3 (2d Cir. May 15, 2020).

Anderson, represented by counsel, has now filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c). (ECF No. 731.) He contends that the extraordinary and compelling reason supporting his release is that his medical conditions render him vulnerable to complications if he contracts COVID-19. (*Id.* at 2-3.) Anderson is 29-years-old, ECF No. 734, and asserts that he suffers from asthma and breathing problems, ECF No. 731 at 2-3. Anderson also contends that "the short time remaining on [his] sentence, . . . the need to de-crowd Fort Dix to allow for social distancing, and Anderson's efforts to rehabilitate himself" constitute "extraordinary circumstances" that warrant his release. (ECF No. 731 at 3-4.)  The government opposes his motion. (ECF No. 733.)

At the threshold, Anderson has not undertaken to first exhaust his administrative remedies before seeking compassionate release. While Anderson submitted an application to the BOP for transfer to home confinement pursuant to 18 U.S.C. § 3624(c), which the BOP denied, ECF No. 735 at 2, he has not submitted to the BOP any application seeking compassionate release under section 3582(c), ECF No. 733 at 3. Anderson argues that the

Court can waive the 30-day requirement for exhaustion of administrative remedies pursuant to section 3582(c)(1)(A) because exhaustion is not a jurisdictional predicate. (ECF No. 731 at 4-5 (citing *United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020).) That proposition is presently much mooted in this jurisdiction. *See, e.g., United States v. Smith*, No. 12 CR 133 (JFK), 2020 WL 1849748, at *4 (S.D.N.Y. Apr. 13, 2020) ("[T]he Court . . . agrees with certain of its sister courts that judicial waiver is permissible in light of the extraordinary threat certain inmates face from COVID-19."); *cf. United States v. Roberts*, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) ("Given Congress's decision to mandate exhaustion and specify a single alternative, the Court is not free to infer a 'general special circumstances exception.'" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1856, 1862 (2016)). However, the Court need not address this issue in light of the Court's conclusion that a reduction of a sentence in the circumstances presented here is not warranted.

First, Anderson does not contend that he has received improper or inadequate treatment for his medical conditions while incarcerated. The CDC has highlighted that individuals with moderate to severe asthma may face a higher risk for severe illness from COVID-19. But Anderson has never reported to the BOP that he suffers from any kind of asthma. Indeed, Anderson has denied any history of respiratory illness. (*See* BOP July 26, 2019 Medical Records.) Moreover, he denied suffering from any allergies, such as those that would contribute to hay fever, and has not indicated that he takes antihistamines. (*See* BOP January 31, 2018 Medical Records.) There are no current COVID-19 cases in Anderson's low-security facility, ECF No. 733 at 7, and his medical records do not suggest that he is particularly at-risk.

Second, the Court cannot find that the application of the section 3553(a) factors favors an early release. Indeed, factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct" weigh against Anderson's release. 18 U.S.C. § 3553(a). The nature and circumstances of the offense are serious. Anderson participated in the gang-related distribution of dangerous drugs, a conspiracy in which he admitted to possessing and using firearms. (*See* ECF. No. 327 at 17). Further, defendant still has approximately 15 months left in his sentence, which is a full 17.8 percent of his sentence.

Accordingly, IT IS HEREBY ORDERED that Anderson's motion for compassionate release is denied on the grounds that no extraordinary and compelling reasons exist for his release and the section 3553(a) factors do not weigh in his favor.

Dated:  New York, New York
          June 29, 2020

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.