UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES

    -v-                                                      No. 24-CR-009-LTS; 13-CR-414-LTS

KWAME ANDERSON,

        Defendant.

-------------------------------------------------------x

ORDER

An evidentiary hearing on violation of supervised release ("VOSR") specifications 10, 11, and 12 in Case No. 13-CR-414 is scheduled to commence at 10:00 a.m. on November 4, 2025. Both parties have moved to admit hearsay evidence. (Docket entry no. 922 (Govt. Ltr.); docket entry no. 923 ("Def. Resp.").)[1] The Court has reviewed the parties' submissions and arguments thoroughly. For the reasons set forth below, the Government's motion is granted in part and denied in part, and the Defendant's motion is continued under advisement pending authentication of Defense Exhibit A. (Docket entry no. 923-1 ("Def. Ex. A").) The portion of Defendant's motion relating to cross-examination of the Defendant, should he testify, is also continued under advisement pending the hearing.

Victim's Statements to Officers at the Scene

The Court has determined that the proffered bodycam footage (GX201, 202)[2], the Domestic Incident Report ("DIR") (GX301), and the officer testimony that the Government seeks to present are all admissible under Federal Rule of Evidence 803(2)'s exception to the

---

[1]     Docket citations are to docket entry numbers in Case No. 13-CR-414.

[2]     Exhibit references and capitalized terms not otherwise defined herein are as designated in the parties' submissions.

hearsay rule for "statement[s] relating to a startling event or condition, made while a declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). "[T]he key question governing admission is whether the declarant was, within the meaning of Rule 803(2), under the stress of excitement caused by the event or condition." United States v. Fell, 531 F.3d 197, 231 (2d Cir. 2008) (citations and internal quotation marks omitted). Having reviewed the bodycam footage, the Court is persuaded that, at the time she spoke to officers responding to the scene, the Victim was still under the stress of her altercation with Mr. Anderson. It is plain from the footage that the Victim was distraught when the officers arrived, and that this condition continued until the officers left the scene. (GX 201 (showing Victim crying, getting choked up, and breathing in an agitated manner while speaking with officers and filling out the DIR).) Because the Court can directly observe the Victim's condition at the relevant times, the Court is persuaded that all statements the Victim made to officers at the scene of the incident were excited utterances, and thus admissible for their truth. See United States v. Sully, 114 F.4th 677, 684 (8th Cir. 2024) (affirming finding that the excited utterance exception applied "because [the declarant] appeared nervous" in bodycam footage of her statements); United States v. Vazquez, 818 F. App'x, 93, 95-96 (2d Cir. 2020) (holding that 9-1-1 call made while hostage victim was crying and upset qualified as "excited utterance" even though the defendant was in the shower at the time of the call and there was no immediate risk of injury).

While, as the Defendant notes, the Government has not introduced independent evidence corroborating the Victim's account of the assault, considerable non-hearsay evidence such as bodycam footage showing the Victim's visible distress corroborates the anxiety-inducing nature of the altercation, whether verbal or physical. See 2 McCormick on Evidence § 272 (6th ed. 2006) ("Fortunately, only a very few cases need actually confront th[e] knotty theoretical

problem [of whether independent corroborating evidence of startling events is necessary] if the courts view what constitutes independent evidence broadly, as they should where the circumstances and content of the statement indicate trustworthiness." (internal footnote omitted)).  The Court is persuaded by the footage that, even if the encounter was only verbal, it was sufficiently stressful to support the Court's determination that the statements in question were excited utterances.

Even if the Victim's statements did not properly fall within a hearsay exception, there is good cause here to admit them.  See United States v. Carthen, 681 F.3d 94, 100 (2d Cir. 2012) (holding that statements that are inadmissible under the Federal Rules of Evidence are nonetheless admissible in VOSR proceedings upon the court's determination of "good cause for not allowing confrontation" (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972))).  "[W]hen the government requests admission at a VOSR hearing of a hearsay statement that does not fall within one of the established hearsay exceptions, [Federal Rule of Criminal Procedure] 32.1(b)(2)(C) and the Due Process Clause 'require[ ] the court to determine whether good cause exists to deny the defendant the opportunity to confront the adverse witness.'"  United States v. Maldonado, No. 23-6954-CR, 2024 WL 2525612, at *1 (2d Cir. May 24, 2024) (quoting United States v. Williams, 443 F.3d 35, 45 (2d Cir. 2006)); see also Fed. R. Crim. P. 32.1(b)(2)(C) (defendants must have an opportunity to question adverse witnesses "unless the court determines that the interest of justice does not require the witness to appear").

While the Defendant has an interest in questioning the Victim, that interest is outweighed here by the Government's reason for failing to produce the witness and the reliability of the evidence.  The Government proffers that the Victim refuses to testify, a fact that weighs in favor of a finding of good cause.  (See Govt. Ltr. 10-11 (citing United States v. McCourty, 789

F. App'x 232, 234 (2d Cir. 2019); United States v. Carthen, 681 F.3d 94, 100 (2d Cir. 2012)).) Moreover, while the Government has not introduced independent evidence corroborating the Victim's account, there were no other witnesses to the alleged assault. (See GX 201 (Victim stating that no one else was present).) Accordingly, it is reasonable here for the Government to rely on a single declarant's out-of-court statements. See United States v. Jefferies, 456 F. App'x 6, 7 (2d Cir. 2011) (finding no due process violation in the admission of hearsay when the only witnesses with firsthand knowledge had refused to testify); cf. United States v. Hightower, 312 F. Supp. 3d 426, 431 (S.D.N.Y. 2018) (noting that the Government could, but did not, produce hospital records or elicit corroborating statements from individuals who were present at the house party when alleged assault occurred). As to reliability, the Victim's actions—including calling her mother who then called the police and filling out a DIR—are consistent with her statements, and Defendant has offered no evidence of any motive to lie. The Defendant's history of firearms possession also weighs in favor of a finding of good cause. (See Govt. Ltr. 11.) Having balanced the interests under Rule 32.1, the Court finds that there is good cause to admit the Victim's out-of-court statements for their truth in this VOSR proceeding even though the Defendant will not be able to confront and cross-examine the Victim. See United States v. Williams, 443 F.3d 35, 45 (2d Cir. 2006); Carthen, 681 F.3d at 101.

The 9-1-1 Call

Statements made by the Victim's mother in the 9-1-1 call (GX101) regarding Defendant's actions on the morning of the call constitute inadmissible hearsay that may not be offered for their truth. The Victim's mother does not convey what the Victim said but rather gives her own account of the situation based on a prior call with the Victim. The declarant (the Victim's mother) did not observe the altercation, and thus Rule 803(2) does not apply because

excited utterances "must rest on personal knowledge" to be admissible.  Brown v. Keane, 355 F.3d 82, 90 (2d Cir. 2004).  Because they do not fall within that or any other hearsay exception, and because good cause does not exist to admit them, out-of-court statements in the 9-1-1 call may only be offered for non-hearsay purposes: as evidence of why the police responded to the scene, and to show the Victim's mother's state of mind as she made the 9-1-1 call at the Victim's request.  See Fed. R. Evid. 801(c); see also United States v. Detrich, 865 F.2d 17, 21 (2d Cir. 1988) (holding that, where a statement is offered as circumstantial evidence of the declarant's state of mind rather than for the truth of the matter asserted, it is not hearsay); Smith v. Duncan, 411 F.3d 340, 346 n.4 (2d Cir. 2005) (noting that a 9-1-1 tape would not be hearsay if offered to show the speaker's state of mind).

Defendant's Statements to Officers at the Scene

The Court agrees with the Government that statements made by the Defendant to responding officers are admissible as statements of a party opponent under Rule 801(d)(2)(A).  (Govt. Ltr. 6 (citing Fed. R. Evid. 801(d)(2)(A)).)  The Defendant did not make any argument to the contrary.

Victim's Subsequent Contradictory Statements

Defendant's motion to admit Defense Exhibit A is continued under advisement pending authentication of the document.  See Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

Finally, the Court finds unpersuasive, Defendant's argument that statements of the Victim and her mother should be excluded because they are more prejudicial than probative.  (See Def. Resp. 2, 6.)  While prejudicial, the evidence is highly probative.  See Fed. R. Evid.

401, 403. The Government must prove by a preponderance of the evidence that the Defendant applied pressure to the Victim's throat with the intent to impede normal breathing, or that the Defendant caused physical injury to the Victim with the intent to do so. (Govt. Ltr. 5-6.) Statements made by the Victim that the Defendant hit, beat, or choked her are highly consequential, and in conducting the balancing required under Rule 403, the Court finds that their probative value is not substantially outweighed by the risk of unfair prejudice in this VOSR proceeding. Fed. R. Evid. 403.

For the foregoing reasons, the Government may present its exhibits and officer testimony at the evidentiary hearing for the purposes stated above. The parties are directed to file, by **10:00 a.m. on November 3, 2025,** a joint letter providing the Court with (1) an agenda outlining the anticipated presentation of witnesses and other evidence and argument, and the estimated time required for each portion of the hearing; (2) a witness list, in order; (3) an exhibit list noting any anticipated further objections; and (4) any stipulated facts.

SO ORDERED.

Dated: New York, New York
October 30, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge